UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-80181-RUIZ/REINHART

**UNITED STATES OF AMERICA,**

vs.

**MINAL PATEL,**
         **Defendant**.
_____/

**JOINT MOTION FOR STATUS CONFERENCE**

The United States of America files this Motion to respectfully request a Status Conference to bring the three matters listed below before the Court. Undersigned counsel has conferred with counsel for Defendant, who does not oppose, and in fact joins in this request. Addressing these issues now, well in advance of trial, will prevent any unnecessary delays in discovery, and will further ensure that the Court's, the parties', and the jury's time are not wasted in any eventual trial. The items the Government about intends to bring before the Court are as follows:

1.     As noted in the Government's First Response to the Standing Discovery Order [DE 18], and the Joint Motion for Complex Case Designation and to Continue the Trial Date [DE 20], the evidence collected in this case is voluminous, and likely contains privileged materials. The United States has used a filter team to review certain possibly privileged materials collected in this matter. In the course of its review, the filter team has identified privileged materials belonging to certain individuals other than Defendant, including possible Government witnesses at trial. Counsel for these various individuals have declined to waive any applicable privileges as to these documents. While the Government is mindful of the possible privileges each of these third parties hold, it is even more concerned with its discovery obligations in this case to an indicted defendant. The United States therefore requests a Status Conference to discuss a mechanism approved by this

Court by which the Government can produce these privileged materials to Defendant, without violating the privileges held by these third parties.

2.      In addition, in the course of this litigation, Defendant through defense counsel Robyn Sztyndor has informed the Government that it is Defendant's position that Ms. Sztyndor represented certain individuals as compliance counsel in connection with health care matters, and that those individuals entered into a common interest agreement with two cooperating witnesses who are expected to testify at Defendant's trial.  According to Ms. Sztyndor, the other individuals did not and do not waive the common interest privilege.  (Defendant does not claim that he was a member of that common interest privilege agreement at the time it was first agreed-upon.)  The United States disputes that a common interest privilege agreement existed, and seeks clarification from the Court on this matter, which will assist the filter team in its review of evidence, and will prevent any issues related to this matter from disrupting any eventual trial.[1]

3.      Finally, over the course of this case, the Government has raised the question of whether Ms. Sztyndor might have a potential conflict of interest in her representation of Defendant. This is due to Ms. Sztyndor's legal advice and opinions to those other individuals involved in health care matters who purportedly entered into common interest privilege agreements—at least for some time period—with two cooperating witnesses. Ms. Sztyndor and the two cooperating witnesses have informed the Government that she did not represent the two cooperating witnesses.[2] Ms. Sztyndor has stated that she has not received any confidential information from the two cooperating witnesses.   And the individuals whom Ms. Sztyndor did represent previously are not

---

[1] The Filter Team will provide a supplemental letter regarding this issue to the Court, and has discussed the contents of this letter with defense counsel.

[2] In an interview with the Government, the two cooperating witnesses stated that Ms. Sztyndor never represented them.

parties or witnesses to this matter. The United States, based on the information it has received on this issue to date, and some pertinent case law it has reviewed,[3] does not necessarily believe Ms. Sztyndor, in fact, has a conflict. Defendant unequivocally believes no conflict exists. However, the fact remains that a potential conflict may be possible, and/or that one could develop in the future. Since the Government cannot make this determination as to whether a potential conflict exists on its own, it believes that it is required to raise this issue before the Court. Therefore, the parties agree that the most prudent course of action is to inform the Court of the possible conflict, and their reasoning and positions on any potential conflict, and to obtain the Court's concurrence on how to move forward. A hearing on this matter will not only provide an ongoing framework for dealing with this issue, which is crucial, but will promote judicial economy by allowing it to be fully discussed well in advance of trial. Most importantly, it will save the Court's, the parties', and the jury's time, and prevent any unnecessary delays or disruptions in any eventual trial.

3. Defendant's counsel (Ms. Sztyndor) is unavailable until early April 2020, and the parties have legitimate concerns about traveling until more is known about the COVID-19 pandemic. Thus, the parties request a status conference on these matters be set for the third or fourth week in April 2020, or at some other time that comports with the Court's schedule.

---

[3] For example, the Government was initially concerned that a conflict could come up at trial if those cooperating witnesses were cross-examined by the Defendant's counsel. While not exactly on point, United States v. Almeida, 341 F.3d 1318, 1326-27 (11th Cir. 2003) appears to foreclose the Government's initial concern. (Holding that "when each party to a joint defense agreement is represented by his own attorney, and when communications by one co-defendant are made to the attorneys of other co-defendants, such communications do not get the benefit of the attorney-client privilege in the event that the co-defendant decides to testify on behalf of the government in exchange for a reduced sentence.") As noted above, Ms. Sztyndor never represented the cooperating witnesses themselves, and Defendant has notified the government that Steve Sadow would conduct any cross-examination of the cooperating witnesses.

WHEREFORE, the government respectfully requests that this Court set a status conference in this case in middle to late April 2020 to discuss the matters listed above, or at some other time convenient for this Court.

Dated: March 23, 2020

                                       Respectfully submitted,

                                       ARIANA FAJARDO ORSHAN
                                       UNITED STATES ATTORNEY
                                       SOUTHERN DISTRICT OF FLORIDA

                                       ROBERT ZINK, CHIEF
                                       CRIMINAL DIVISION, FRAUD SECTION
                                       U.S. DEPARTMENT OF JUSTICE

By:    */s/ Timothy Loper*_____
          JAMES V. HAYES
          TIMOTHY P. LOPER
          TRIAL ATTORNEYS
          Florida Special Bar Nos. A5501717 & A5502016
          United States Department of Justice
          Criminal Division, Fraud Section
          12020 Miramar Parkway
          Miramar, Florida 33025
          Tel: (202) 774-4276
          James.Hayes@usdoj.gov
          Timothy.Loper@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 23, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                      By:    /s/ *Timothy Loper*