UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80181-CR-RAR

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MINAL PATEL,

        Defendant.

_____/

**ORDER**

This matter comes before the Court on the Government Filter Team's[1] Sealed Motion for an *In Camera* Review and for Authorization to Produce Discovery, ECF No. [66], which was referred to me by the Honorable Rodolfo A. Ruiz, II. I conducted a telephonic case management conference on September 10, 2020. Although some of the relevant pleadings are under seal, no sealed information is contained in this Order.

The Government's Filter Team possesses certain communications that Mr. Patel and third parties assert are protected by a common interest attorney-client privilege ("the Contested Material"). The Government seeks a ruling from the Court that the Contested Material can be shared with the Government's Prosecution Team and/or Mr. Patel either because (1) no privilege exists or (2) the crime-fraud exception applies. As required by the Court's Discovery Protocol, ECF No. [53], the Filter Team notified several third parties ("the Third Parties") that it proposed

---

[1] The Government has bifurcated representation in this matter. Certain investigative materials are solely in the possession of one group of lawyers and investigators that are "walled off" from a separate group that will present the case at trial. I refer to these separate groups, respectively, as "the Filter Team" and "the Prosecution Team."

to disclose the Contested Material; the Third Parties have appeared through counsel and objected to the disclosure on the grounds that it would violate the third parties' attorney-client privilege. ECF Nos. [67, 68, 70, 78, 80, 82].  The Government potentially may use the Contested Material at trial against Mr. Patel; the Government does not intend to use these materials against the Third Parties.  At a hearing on September 10, 2020, Mr. Patel indicated for the first time that he was asserting a common interest privilege to prevent the Filter Team from disclosing some of the Contested Material to the Prosecution Team.  All parties agreed that an evidentiary hearing is required.

WHEREFORE, it is ORDERED:

1. Pursuant to Paragraph 5(b) of the Discovery Protocol, on or before September 17, 2020, the Government's Filter Team shall notify any third party claimants of the proposed disclosure of the Contested Material and the procedure to file an objection.  *See* ECF No. [53] at 2, n.3 (definition of "third party claimant").

2. On or before September 25, 2020, Mr. Patel shall file a memorandum of law identifying the specific Contested Materials that he asserts should not be disclosed to the Prosecution Team, the legal basis for his objection, and the specific relief that he is requesting. The Government may file a response memorandum on or before October 9, 2020.  No reply shall be filed without leave of court.

3. On or before September 25, 2020, the Third Parties shall file supplemental memoranda of law addressing whether, even assuming a Third Party has a valid privilege in the Contested Material, the Third Party can receive the remedy of precluding further disclosure of that material in the case against Mr. Patel.  To avoid duplicative pleadings, the Third Parties may (but are not required to) file a joint memorandum, or may adopt another party's pleading.  Should a

joint memorandum be filed, it may be up to 25 pages.  The other parties, including the Government, may file response memoranda on or before October 9, 2020.  No reply shall be filed without leave of court.

4. On or before September 25, 2020, the Government shall file a memorandum of law addressing whether otherwise-privileged materials are nevertheless disclosable based upon the Government's obligations under *Brady v. Maryland,* the Jencks Act, or Federal Rule of Criminal Procedure 16.   The other parties may file response memoranda on or before October 9, 2020.  No reply shall be filed without leave of court.

5. An evidentiary hearing will be held beginning at **9:30 a.m. on November 9, 2020 by video teleconference**.  **The parties should reserve all day on November 9 and 10 for the hearing**.  Once the Court has received the supplemental briefing listed above, and any additional objections from other third party claimants pursuant to the Discovery Protocol, the Court will issue a separate order defining the topics to be addressed at the evidentiary hearing and setting forth pre-hearing procedures for exchange of evidence, witness lists, exhibit lists, etc.  Any objection to the hearing being conducted by video teleconference, including a supporting memorandum of law, shall be filed on or before October 1, 2020.

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 10th day of September 2020.

*[signature]*

BRUCE E. REINHART
U.S. MAGISTRATE JUDGE