UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80181-CR-RAR

UNITED STATES OF AMERICA,

Plaintiff,

v.

MINAL PATEL,

Defendant.
_____/

**MEMORANDUM OF LAW**

Third-Party Ric Speights ("Mr. Speights") respectfully responds to this Court's September 10th, 2020 Order, ordering the Third Parties to file a supplemental memorandum of law addressing whether "the Third Party can receive the remedy of precluding further disclosure of [the Contested Material] in the case against Mr. Patel" and would state the following:

I. **Background**

On September 17, 2020 counsel for Mr. Speights received a notice from Kathryn Furtado, an attorney on the Government's Filter Team, informing counsel that Mr. Speights was a participant in a March 1, 2019 meeting in Fort Lauderdale, FL, which is at issue in the above captioned case. The Filter Team "seeks to produce certain communications between the alleged parties to the purported 'common interest privilege' formed on March 1, 2019" at this meeting. The letter also informed counsel of the upcoming evidentiary hearing on November 9-10, 2020, to resolve the open dispute regarding the common interest privilege and provided materials relevant to Mr. Speights's right to assert his third-party privilege prior to the evidentiary hearing.

Accompanying the notice was this Court's June 8th, 2020 Discovery Protocol Order, ECF No. [53] and September 10, 2020 Order on the Government Filter Team's Sealed Motion for *In Camera* Review and for Authorization to Produce Discovery. ECF No. [90]. These documents outlined the process through which Mr. Speights could provide his objection to the production of certain communications potentially protected by the common interest privilege. They also stated that, while the "Government potentially may use the Contested Material at trial against Mr. Patel" it "does not intend to use these materials against the Third Parties." ECF No. [90].

Unfortunately, the materials provided did not include any information concerning the alleged parties to the common interest privilege or the topics of the communications at issue. In further discussions with the Filter Team, Mr. Speights's counsel was informed that they would not receive the relevant documents or party names until after the November 9-10, 2020 Evidentiary Hearing.

## II. Argument

In accordance with the September 10, 2020 Court Order, Mr. Speights files this memorandum addressing his rights under the alleged common interest privilege. Mr. Speights recognizes that this Court is well-informed on the generalities of the common-interest privilege and its application in any given case. He acknowledges that this memorandum is meant to address the specifics of the common-interest privilege and its application to the March 1, 2019 meeting in Ft. Lauderdale, FL, and subsequent communications.

Mr. Speights was in Ft. Lauderdale, FL on March 1, 2019 and attended several meetings with several individuals. Without any information concerning the parties involved in the March 1, 2019 meeting referenced by the Filter Team or the content of the communications at issue, Mr. Speights is unable to articulate his arguments concerning his assertion of the common-interest

privilege as related to this specific case. In order to adequately do so, Mr. Speights would require information concerning the parties in attendance at the March 1, 2019 meeting, the topic of that meeting, and the general topics of the Contested Materials. As such, Mr. Speights requests that this Court order the Government to provide information concerning the Third Parties connected to the alleged common-interest privilege and the subject matters contained in the Contested Materials, as well as provide additional time to respond to the Government's notice and this Court's Order requiring a supplemental memorandum of law addressing the common interest privilege.

### III.    Conclusion

For the foregoing reasons, Mr. Speights respectfully requests that the Court orders the Government to provide necessary to allow Mr. Speights to fully assess his potential common interest privilege and provide Mr. Speights with additional time to respond to the Government's notice and this Court's orders.

Dated: September 25, 2020

Respectfully submitted,

/s/ Lauren G. Raines
Lauren G. Raines
Florida Bar No. 11896
**BRADLEY ARANT BOULT CUMMINGS LLP**
100 N. Tampa Street, Suite 2200
Tampa, FL 33602
T: (813) 559-5500 | F: (813) 229-5946
Primary E-Mail: lraines@bradley.com
Secondary E-Mail: eajohnson@bradley.com

Gene R. Besen (*pro hac vice* pending)
Texas Bar No. 24045491
**BRADLEY ARANT BOULT CUMMINGS LLP**
4400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
T: (214) 939-8700 | F: (214) 939-8787
Primary E-Mail: gbesen@bradley.com
Secondary E-Mail: tnoullet@bradley.com

ATTORNEYS FOR RIC SPEIGHTS

## CERTIFICATE OF SERVICE

I certify that all counsel of record who have consented to electronic service were served with a true and correct copy of the foregoing document via the Court's CM/ECF system on this 25th day of September 2020.

/s/ Lauren G. Raines
Lauren G. Raines