IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-80181-RUIZ/REINHART

UNITED STATES OF AMERICA

v.

MINAL PATEL
          Defendant.
_____/

### ORDER ON JOINT MOTION FOR ENTRY OF ORDER PURSUANT TO SECTION 5(f) OF THE COURT'S ORDER ON MOTION FOR DISCOVERY PROTOCOL

Having considered the joint motion filed by the United States, by and through the assigned Filter Team, and third-party intervenor Edward Christopher White, Jr. ("White") (collectively referred to as the "Parties") for entry of an Order pursuant to Section 5(f) of the Court's Discovery Protocol Order,

IT IS HEREBY **ORDERED** THAT:

1. The Parties' joint motion is **GRANTED**.

2. Pursuant to Federal Rule of Evidence 502(d) and Section 5(f) of the Court's Discovery Protocol Order (Doc. 53), the Court enters the following Non-Waiver Order incorporating the Parties' agreement to the representations set forth herein.

3. On or about September 24, 2019, the defendant Minal Patel was indicted in the United States District Court for the Southern District of Florida (hereinafter referred to as the "Litigation") for healthcare fraud and violations of the anti-kickback statute. (Doc. 1.)

4. On or about June 8, 2020, the Court entered an Order governing the disclosure of discovery material that has been, or is potentially, subject to claims of privilege by Defendant Patel and/or third parties (hereinafter the "Discovery Protocol Order") (Doc. 53), and extended the Protective Order issued on October 15, 2019 (Doc. 21) to apply to any discovery material

1

produced by the Filter Team to the defendant or to a third party pursuant to the Protocol.

    5.    Section 5(f) of the Discovery Protocol Order provides:

> Pursuant to Fed. R. Evid. 502(d), any Potentially Protected Material disclosed to a third-party or to Defendant pursuant to this Order or any subsequent disclosure order, shall not constitute, or be deemed, a waiver or forfeiture of any privilege claim in any federal or state judicial or administrative proceeding other than these federal proceedings.

    6.    On or about June 11, 2020, the United States, by and through its designated Filter Team, contacted counsel for White concerning two potentially privileged records that the United States intended to disclose in discovery ("Records at Issue") to Defendant Patel and the Prosecution Team.

    7.    On or about August 12, 2020, counsel for White provided the United States with a privilege log concerning the Records at Issue and asserted the Records at Issue were privileged pursuant to a common interest agreement formed on March 1, 2019 at the Law Office of Greenberg Traurig in Ft. Lauderdale, Florida.

    8.    In subsequent pleadings, the United States, through its Filter Team, disputed the August 12, 2020 assertion and sought disclosure of the Records at Issue; White opposed such disclosure on grounds of privilege. Consequently, an evidentiary hearing on this dispute has been scheduled for November 9, 2020. (Doc. 90.) Counsel for Defendant Patel has not sought disclosure of the Records at Issue.

    9.    In order to avoid protracted litigation over White's privilege claims, the Parties agree to the following:

    a.  White agrees to withdraw his assertion of privilege over the Records at Issue and his objection to the disclosure of the Records at Issue to Defendant Patel and the Prosecution Team in the Litigation.

b. White agrees that he will not take a position on the March 1, 2019 common interest agreement when asserted by other ostensible privilege holder(s) as a protection against producing (i) the Records at Issue; and/or (ii) other material potentially subject to the purported common interest agreement formed on March 1, 2019.

c. White expressly authorizes the Filter Team to release (i) the Records at Issue; and/or (ii) other material potentially subject to the purported common interest agreement formed on March 1, 2019 in the instant Litigation to Defendant Patel and the Prosecution Team.

d. White and the Filter Team agree that pursuant to Section 5(f) of the Discovery Protocol Order, White's authorization to produce the (i) the Records at Issue; and/or (ii) other material potentially subject to the purported common interest agreement formed on March 1, 2019 in this Litigation to Defendant Patel and the Prosecution Team shall not constitute or be deemed a waiver or forfeiture of any claim of attorney-client privilege or work product protection, or a subject matter waiver, in any prosecution against White by the United States.

e. White and the Filter Team agree that the Filter Team contests assertions by White and other privilege holders that a common interest agreement was formed on March 1, 2019 and protects: (i) the Records at Issue; and/or (ii) other material potentially subject to the purported common interest agreement formed on March 1, 2019 from being produced in discovery to Defendant Patel and the Prosecution Team.

f. Pursuant to Section 2 of the Discovery Protocol Order, (i) the Records at Issue; and/or (ii) other material potentially subject to the purported common interest

agreement formed on March 1, 2019 shall be subject to the Protective Order issued on October 15, 2019 (Doc. 21).

WHEREFORE, for the foregoing reasons, White's authorization to produce the (i) the Records at Issue; and/or (ii) other material potentially subject to the purported common interest agreement formed on March 1, 2019 in this Litigation to Defendant Patel and the Prosecution Team shall not constitute or be deemed a waiver or forfeiture of any claim of attorney-client privilege or work product protection, or a subject matter waiver, in any prosecution against White by the United States.

The Clerk is **DIRECTED** to **TERMINATE** Third-Party Intervenor Edward Christopher White as a party to this action.

**DONE** and **ORDERED** in Chambers at West Palm Beach Florida, this 30 day of September 2020.

                                          BRUCE E. REINHART
                                        UNITED STATES MAGISTRATE JUDGE