UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-80181-RUIZ/REINHART

**UNITED STATES OF AMERICA,**

vs.

**MINAL PATEL,**
          **Defendant**.
_____/

## UNITED STATES' NOTICE OF A THIRD-PARTY'S FAILURE TO PROVIDE PRIVILEGE ASSERTIONS

The United States, by and through the assigned Filter Team, respectfully submits notice that Joseph Ricciardi, Christian McKeon, and Shawn Griner, third-party privilege holders, have not responded to the Filter Team's request for privilege assertions, as provided in the Discovery Protocol Order (hereinafter "Order") entered in this case. (Doc. 53.)

In the instant case, the Government does not intend to request authorization to produce Ricciardi, McKeon, or Griner's material that is potentially protected by the attorney-client or other legally cognizable privilege (hereinafter "potentially protected material") to the defendant in discovery or the prosecution team. Thus, pursuant to Sections 5(b)(ii) of the Order, the Filter Team provides notice of its attempts to contact Ricciardi, McKeon, and Griner.

Counsel for the defendant does not oppose this notice and has authorized the Filter Team to represent to the Court that the defendant also does not intend to seek to compel the production of Ricciardi, McKeon, or Griner's potentially protected material.

A. **Background**

The Government obtained evidence as a result of the investigation of the charges alleged in the Indictment and other related genetic testing fraud cases, including evidence obtained from certain third-parties. On June 8, 2020, the Court entered the Order which provided a protocol to govern the discovery of material that was potentially protected by a legally cognizable privilege.[1] (*Id.*) Upon entry of the Order, the Filter Team gave ostensible third-party privilege holders notice that their potentially protected material was discoverable and provided a copy of the Order. Thereafter, the Filter Team produced the potentially protected material to counsel for the ostensible third-party privilege holders, if known, or directly to the third-party privilege holder, if counsel was unknown, and produce the third-party's *not* potentially protected material to the defendant in discovery and the prosecution team. The Filter Team, with counsel for the defendant, negotiated privilege holders' requests for additional time to review their material and resolved other issues or disputes.

In this case, Ricciardi, McKeon, and Griner were among the third-parties from whom the Government obtained evidence, and to whom the Government sent potentially protected material to review and requested their privilege assertions. To date, and as detailed below, the Filter Team has not received Ricciardi, McKeon, or Griner's privilege assertions.

---

[1] The Order entered in the instant case is substantially similar to discovery protocol orders entered in the following case: *United States v. Hanley, et al.*, No. 19-CR-120-BAJ (M.D. La. July 16, 2020); *United States v. Canchola*, No. 19-CR-473 (N.D. Tex. November 27, 2020); *United States v. Satary*, No. 19-CR-00197 (E.D. La. Dec. 2, 2020); *United States v. Fluitt*, No. 20-cr-00196-TAD (W.D. La. December 9, 2020); and *United States v. Garipoli*, No. 19-cr-80196-AHS (S.D. Fla. March 11, 2021). Certain evidence and third-party privilege claimants in the aforementioned cases overlap with the instant case.

B. **Notice of third-party's failure to provide privilege assertions**

Pursuant to Section 5(b)(ii) of the Order, the Filter Team provides the following information regarding its attempts to contact Ricciardi, McKeon, and Griner and obtain their privilege assertions.

1. **RICCIARDI:** Ricciardi has been serving a 36-month prison sentence, imposed on February 21, 2020 in *United States v. Ricciardi*, No. 19-cr-60277-FAM (S.D. Fla.). When his sentence was imposed, Ricciardi was represented by Gennaro Cariglio, Esq. In July 2020, the Filter Team provided notice to Mr. Cariglio that Ricciardi's material, including potentially protected material, was discoverable in the instant case. In December 2020 and March 2021, the Filter Team notified Mr. Cariglio that Ricciardi's potentially protected material is also discoverable and subject to discovery protocols in *United States v. Canchola*, No. 19-CR-473 (N.D. Tex. November 27, 2020); *United States v. Satary*, No. 19-CR-00197 (E.D. La. Dec. 2, 2020), and *United States v. Garipoli*, No. 19-cr-80196-AHS (S.D. Fla. March 11, 2021). Beyond Mr. Cariglio's request (in September 2020) that the Filter Team remove attorney-client communications from material produced in discovery, the Filter Team has not received a privilege log from Mr. Cariglio or Ricciardi, who declined to hire Mr. Cariglio to complete a privilege review of the material.

2. **MCKEON:** In July 2020, the Filter Team notified McKeon, through his counsel Jane Raskin, Esq, that his material, including potentially protected material, was discoverable, and subject to a discovery protocol order, in the instant case. In early November 2020, the Filter Team received notice that McKeon was no longer represented by Ms. Raskin, but was instead represented by Joseph Rosenbaum, Esq.; Mr. Rosenbaum confirmed that he received McKeon's potentially protected material from Ms. Raskin. In December 2020, the Filter Team notified Mr. Rosenbaum that McKeon's material was discoverable and subject to a discovery protocol order in *Canchola*. In February 2021, Mr. Rosenbaum notified the Filter Team that he no longer represented McKeon. To date, the Filter Team has not received McKeon's privilege assertions, if any, from Ms. Raskin, Mr. Rosenbaum, or McKeon. The Filter Team recently learned that Mr. Rosenbaum represents Mckeon in *United States v. Christian McKeon, et al*, No. 21-cr-80062-KAM (S.D. Fla.).

3. **GRINER:** In August 2020, HHS-OIG Special Agents Monique Butler and Orlando Buissereth contacted Griner at his residence and provided him with a copy of the discovery protocol order entered in the instant case, his potentially protected material, and a letter wherein the Filter Team requested that Griner review the material and provide his privilege assertions. In December 2020, the Filter Team learned that Griner may be represented by Michael Weinstein, Esq. Consequently, the Filter Team notified

3

Mr. Weinstein that Griner's material was discoverable and subject to a discovery protocol order in *Canchola*. Mr. Weinstein advised the Filter Team that he was completing a conflicts check before agreeing to represent Griner. To date, the Filter Team has not received privilege assertions from Mr. Weinstein or Griner. The Filter Team has recently learned Griner is represented by Robert Gersham, Esq.

The Filter Team has provided, under a separate cover, the defendant with electronic indices of the potentially protected material that the Filter Team provided to Ricciardi, McKeon, and Griner.

### C. Conclusion

In this case, although Ricciardi, McKeon , and Griner have failed to provide their privilege assertions, neither the Government nor defendant intends to seek access to their potentially protected material.

Dated: July 21, 2021           Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　JUAN ANTONIO GONZALEZ
　　　　　　　　　　　　　　　　　　　　ACTING UNITED STATES ATTORNEY
　　　　　　　　　　　　　　　　　　　　SOUTHERN DISTRICT OF FLORIDA

　　　　　　　　　　　　　　　　　　　　JOSEPH BEEMSTERBOER, ACTING CHIEF
　　　　　　　　　　　　　　　　　　　　CRIMINAL DIVISION, FRAUD SECTION
　　　　　　　　　　　　　　　　　　　　U.S. DEPARTMENT OF JUSTICE

　　　　　　　　　　　　　　　　　By:　/s/ Kathryn C. Furtado
　　　　　　　　　　　　　　　　　　　　KATHRYN C. FURTADO
　　　　　　　　　　　　　　　　　　　　TRIAL ATTORNEY
　　　　　　　　　　　　　　　　　　　　United States Department of Justice
　　　　　　　　　　　　　　　　　　　　Criminal Division, Fraud Section
　　　　　　　　　　　　　　　　　　　　Special Matters Unit
　　　　　　　　　　　　　　　　　　　　1400 New York Avenue NW
　　　　　　　　　　　　　　　　　　　　Washington, DC 20530
　　　　　　　　　　　　　　　　　　　　Tel: (202) 307-2884
　　　　　　　　　　　　　　　　　　　　Kathryn.Furtado@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing motion was filed electronically with the Clerk of the Court using the CM/ECF system this 21 day of July 2021. Notice of this filing will be sent to all counsel of record via the CM/ECF system.

*/s/ Kathryn C. Furtado*
Kathryn C. Furtado