# EXHIBIT B

| | |
|---|---|
| **From:** | De Boer, Jamie (CRM) |
| **To:** | Steve Sadow; Rafferty, Brian T.; Robyn Sztyndor; McEvoy, Brian F. |
| **Cc:** | Cuyler Jr., Reginald (CRM); Rookard, Katherine (CRM); Puntillo, Avaleah (CRM) |
| **Subject:** | US v. Patel: Letter |
| **Date:** | Wednesday, August 10, 2022 2:15:21 PM |
| **Attachments:** | 2022.08.10 - Letter from DOJ to Patel Counsel.pdf |

Counsel,

I hope you are enjoying your summers. I have joined the trial team for the government in the *Patel* matter and I look forward to seeing/meeting you all as this case moves closer to trial.

In the meantime, please see attached correspondence. We are happy to discuss.

Regards,
Jamie

**Jamie de Boer**
Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue NW
Washington, DC 20005
Cell: (202) 304-6801
Office: (202) 616-3842
Jamie.deBoer@usdoj.gov



**U.S. Department of Justice**
Criminal Division
*Fraud Section*
*1400 New York Avenue NW*
*Washington, DC 20005*

---

**VIA EMAIL**                                                                                                                   August 10, 2022

All Counsel of Record

    Re:  *United States v. Minal Patel*, 19-cr-80181-RAR (S.D. Fla.)

Dear Counsel:

    The United States requests that Defendant Minal Patel produce all documents and communications pertaining to an advice-of-counsel defense in the above-captioned matter. This request includes the documents described below. Please produce all responsive records by **August 25, 2022**. *See United States v. Ramamurthy*, 18-cr-20710-ALTONAGA/GOODMAN [D.E. 276] (S.D. Fla. Nov. 27, 2019) (requiring defendant asserting an advice-of-counsel defense to identify any attorneys that provided the advice underlying the defense, and to waive privilege over and produce all communications concerning the same in advance of trial); *United States v. Shapiro*, 19-cr-20178-CMA [D.E. 108] (S.D. Fla. July 8, 2019) (same); *see Inmuno Vital v. Telemundo*, 203 F.R.D. 561, 564 (S.D. Fla. 2001) ("when the advice of counsel defense is raised, the party raising the defense must permit discovery of any and all legal advice rendered on the disputed issue"); *see also Vicinanzo v. Brunschwig & Fils, Inc.*, 739 F. Supp. 891, 894 (S.D.N.Y. 1990) ("A party who intends to rely at trial on the advice of counsel must make a full disclosure during discovery; failure to do so constitutes a waiver of the advice of counsel defense.").

**Definitions:**

1. "Communications" mean any written, transcribed, or otherwise memorialized conversation, including emails, letters, instant messages (regardless of platform), and text messages (regardless of platform, and including iMessage), as well as any memorialization of an oral or phone conversation, including rough notes or memoranda.

2. The "Company" refers to LabSolutions, LLC, its representatives, predecessors, successors, and assigns, and any of its owners, operators, employees, contractors, or agents, whether current or former.

3. The "Defendant" means Minal Patel, his representatives, agents, and other persons and entities working on his behalf and shall include any alias, nickname, or other name by which Defendant may have been known at any time.

1

4. "Documents" mean anything written, transcribed, or otherwise memorialized, including drafts thereof, such as memoranda, reports, summaries, legal opinions, legal research, written materials provided by Defendant or the Company, or other written materials.

5. "Attorney" means any attorney or law firm that represented Defendant or the Company prior to September 1, 2019, regarding the subject matter of the allegations in the Indictment in the above-captioned matter, including compliance with any anti-kickback statutes, compliance with the Eliminating Kickbacks in Recovery Act, compliance with laws, statutes, and regulations relating to billing Medicare for cancer genomic testing, and money laundering. "Attorney" includes an attorney's or firm's representatives, predecessors, successors, and assigns, and any of a law firm's attorneys, owners, employees, contractors, or agents, whether current or former. "Attorney" also includes any attorney or law firm that Defendant or the Company contacted regarding potential engagement, even if a formal attorney-client relationship was never formed.

**Instructions:**

1. The requests are intended to cover all Documents and Communications in Defendant's possession, or subject to his custody and control, whether directly or indirectly. This includes Documents and Communications that Defendant does not physically possess, but that are in the possession of Defendant's agents, including Documents and Communications in the physical possession of any Attorneys but under the control of Defendant or the Company. *See Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984) ("Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand."); *see also In re Various Grand Jury Subpoenas*, 235 F. Supp. 3d 472 (S.D.N.Y. 2017), modified, No. 12 MISC. 381, 2017 WL 564676 (S.D.N.Y. Feb. 13, 2017) (applying the legal-right test for "control" to a grand jury subpoena).

2. Please provide responsive information in electronic format, preferably in Tagged Image File Format (load-ready) or native format.

**Requests:**

Produce all Documents and Communications pertaining to legal advice sought or received from any Attorney before September 1, 2019, including:

1. All Communications between any Attorney and Defendant or the Company.

2. Any Documents provided by any Attorney or the Company to the Firm.

3. Any Documents provided by any Attorney to Defendant or the Company.

4. Any engagement letter or contract between any Attorney and Defendant or the Company.

5. Records of any bills or invoices, including timesheets, between any Attorney and Defendant or the Company.

6. Records of any payments between Defendant or the Company and any Attorney.

Please contact Jamie de Boer at (202) 304-6801 if you have any questions regarding this letter.

Sincerely,

*/s/ Jamie de Boer*
Jamie de Boer
Reginald Cuyler, Jr.
Katherine Rookard
Trial Attorneys
Fraud Section, Criminal Division
U.S. Department of Justice
Jamie.deBoer@usdoj.gov