# EXHIBIT C

| | |
|---|---|
| **From:** | Loper, Timothy (CRM) |
| **To:** | Steve Sadow |
| **Cc:** | Robyn Lynn Sztyndor; Hayes, James (CRM) |
| **Subject:** | RE: Minal Patel - Advice of counsel |
| **Date:** | Tuesday, June 22, 2021 4:53:00 PM |

Understood. Thank you.

**From:** Steve Sadow <stevesadow@gmail.com>
**Sent:** Tuesday, June 22, 2021 4:35 PM
**To:** Loper, Timothy (CRM) <Timothy.Loper@usdoj.gov>
**Cc:** Robyn Lynn Sztyndor <rls409@nyu.edu>; Hayes, James (CRM) <James.Hayes@usdoj.gov>
**Subject:** Re: Minal Patel - Advice of counsel

Respectfully, I disagree with you about the responsibility of the defense to produce material the government already possesses. Particularly where, as here, the government obtained the material through search warrants.

Steve Sadow
404-577-1400 office
404-242-9440 cell



> On Jun 22, 2021, at 2:30 PM, Loper, Timothy (CRM) <Timothy.Loper@usdoj.gov> wrote:
>
> Thanks. That might be, I don't know. I do know the caselaw says a defendant is required to produce all required materials, including those already in the government's possession. So our position would be that defense would have to produce whatever records relate to the defense.
>
> **From:** Steve Sadow <stevesadow@gmail.com>
> **Sent:** Tuesday, June 22, 2021 4:20 PM
> **To:** Loper, Timothy (CRM) <Timothy.Loper@usdoj.gov>
> **Cc:** Robyn Lynn Sztyndor <rls409@nyu.edu>; Hayes, James (CRM) <James.Hayes@usdoj.gov>
> **Subject:** Re: Minal Patel - Advice of counsel
>
> I understand the vast amount of the discovery you seek has either been made available to you by the Filter Team or is in the process of being produced to you by the Filter Team.
>
> Steve Sadow
> 404-577-1400 office
> 404-242-9440 cell

> On Jun 22, 2021, at 11:42 AM, Loper, Timothy (CRM) <Timothy.Loper@usdoj.gov> wrote:
>
> Hi Steve, you previously mentioned that Mr. Patel would be raising an advice of counsel defense, and that you would provide discovery related to that at some point. Can you please tell us when you anticipate providing that discovery?
> Thank you,
> Tim

**From:** Steve Sadow <stevesadow@gmail.com>
**Sent:** Thursday, May 28, 2020 11:25 AM
**To:** Loper, Timothy (CRM) <Timothy.Loper@CRM.USDOJ.GOV>
**Cc:** Robyn Lynn Sztyndor <rls409@nyu.edu>; Hayes, James (CRM) <James.Hayes@CRM.USDOJ.GOV>
**Subject:** Re: Minal Patel - Advice of counsel

Respectfully, our current position is the same as previously stated. Trial is still 5 months off - assuming our scheduled trial date remains the same. While we have received some cellphone forensic reports from the filter team, we have not received all of the unredacted material being reviewed and of course, we are still waiting for the release of the entirety of phones or email accounts [the government] imaged, including attorney-client communications that [the government] want[s] to produce under Rule 502(d)."

Steve Sadow
404-577-1400 office
404-242-9440 cell

> On May 28, 2020, at 11:05 AM, Loper, Timothy (CRM) <Timothy.Loper@usdoj.gov> wrote:
> Steve, following up on the string below, what is your current position on when the government will receive discovery related to the advice of counsel defense, including the specific legal advice upon which Mr. Patel relied and related communications with those attorneys?
> Thank you,
> Tim
> Timothy Loper

Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice
(202) 262-6276 (cell)

**From:** Loper, Timothy (CRM)
**Sent:** Monday, February 10, 2020 11:06 AM
**To:** Steve Sadow <stevesadow@gmail.com>
**Cc:** Robyn Lynn Sztyndor <rls409@nyu.edu>; Hayes, James (CRM) <James.Hayes@CRM.USDOJ.GOV>
**Subject:** RE: Minal Patel - Advice of counsel

Thank you. I understand that the filter team is making a production to you of the unredacted material very soon. We received your drive and they are putting the material on it as we speak. Also, as I understand it, the phone call did not relate to discovery but to Ms. Sztyndor's correspondence regarding her June 2019 letter. In any event, we respectfully request discovery related to the advice of counsel defense.

Tim

Timothy Loper
Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice
(202) 262-6276 (cell)

**From:** Steve Sadow [mailto:stevesadow@gmail.com]
**Sent:** Monday, February 10, 2020 10:36 AM
**To:** Loper, Timothy (CRM) <Timothy.Loper@CRM.USDOJ.GOV>
**Cc:** Robyn Lynn Sztyndor <rls409@nyu.edu>; Hayes, James (CRM) <James.Hayes@CRM.USDOJ.GOV>
**Subject:** Re: Minal Patel - Advice of counsel

Respectfully, we will disclose any Rule 16 reciprocal discovery related to that defense after we receive all the discovery to which we are entitled. Indeed, we never received the unredacted material from the taint review team and the taint review attorney never rescheduled her telephone conference with us.

Steve Sadow
404-577-1400 office
404-242-9440 cell

> On Feb 10, 2020, at 10:13 AM, Loper, Timothy (CRM) <Timothy.Loper@usdoj.gov> wrote:
> Steve, you previously mentioned that Mr. Patel would be raising an advice of counsel defense. What is your position on when the government will receive discovery related to that defense,

including the specific legal advice upon which Mr. Patel relied and related communications with those attorneys?

Thank you,

Tim

Timothy Loper
Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice
(202) 262-6276 (cell)

| | |
|---|---|
| **From:** | De Boer, Jamie (CRM) |
| **To:** | Steve Sadow |
| **Cc:** | Don Samuel; Rookard, Katherine (CRM); Cuyler Jr., Reginald (CRM); Brian Rafferty |
| **Subject:** | RE: [EXTERNAL] Advice of Counsel issues |
| **Date:** | Friday, September 9, 2022 12:54:41 PM |

Hi Steve,

I'll respond on the first issue now – I think there is still a disconnect on what we are currently asking for. Right now, we are asking for discovery, not exhibit list. I thought Don and I were on the same page about that. We'd like to get that piece resolved, or confirmation that Mr. Patel opposes our request so that we can seek relief from the Court if necessary.

The change in substantive counts should not bear on your ability to produce material you were already obligated to produce. Unless I am missing something?

Noted re [Co-Conspirator] – we will get back to you. In any event, I'm not sure why this impacts your position on your AOC discovery obligations.

Regards,
Jamie

---

**From:** Steve Sadow <stevesadow@gmail.com>
**Sent:** Friday, September 9, 2022 12:45 PM
**To:** De Boer, Jamie (CRM) <Jamie.deBoer@usdoj.gov>
**Cc:** Don Samuel <dfs@gsllaw.com>; Rookard, Katherine (CRM) <Katherine.Rookard@usdoj.gov>; Cuyler Jr., Reginald (CRM) <Reginald.Cuyler.Jr@usdoj.gov>; Brian Rafferty <brafferty@bakerlaw.com>
**Subject:** Re: [EXTERNAL] Advice of Counsel issues

Jamie

Don is in trial. But respectfully, this is not accurate. Mr. Patel does not intend to identify all Bates ranges referenced in (a) unless the government does the same and at the same time with its case-in-chief potential exhibits.

Also, the proposed date is not agreeable in light of the superseding indictment and the three new, replacement substantive healthcare counts.

One other thing that could impact our overall position: Why was [Co-Conspirator A] removed from the superseding indictment and when was the decision made by DOJ to do so? It is difficult for the defense to understand how [Co-Conspirator] could be an unindicted conspirator (but name withheld) as found by the grand jury in the original indictment in September 2019 but somehow not be named as such in the superseding indictment in September 2022. Respectfully, trial strategy does not explain the change. And if the evidence has changed, it must mean the government has learned something favorable to Mr. Patel, which has not been disclosed to the defense. There must be another reason,

maybe memorialized in an internal prosecution memo.

Steve Sadow
404-577-1400 office
404-242-9440 cell

On Sep 9, 2022, at 10:15 AM, De Boer, Jamie (CRM) <Jamie.deBoer@usdoj.gov> wrote:

Don,

I am following up on our conversation from Wednesday.  I am confirming that Mr. Patel agrees to complete his discovery obligations pertaining to advice of counsel.  That is, you will:  (a) identify all Bates ranges of material produced by the Government to Mr. Patel that pertains to the advice of counsel; and (b) produce any additional materials in Mr. Patel's possession, custody, or control that pertain to advice of counsel.  As to (b), you referenced a cell phone and possibly additional material that you needed to review, as well as material that you previously asserted privilege over that you want to confirm is relevant/not relevant to the allegations in the Indictment.

We are requesting that you complete this production by September 23.

Please confirm the above, including the time frame of completing this by September 23.

Regards,
Jamie

---

**From:** Don Samuel <dfs@gsllaw.com>
**Sent:** Tuesday, September 6, 2022 5:00 PM
**To:** De Boer, Jamie (CRM) <Jamie.deBoer@usdoj.gov>
**Subject:** Re: [EXTERNAL] Advice of Counsel issues

Sure.  404-697-9400.  I am still in court now.  But at 8:30 tomorrow, we can talk, though I will be heading back into court by 8:45.

DFS

---

**From:** De Boer, Jamie (CRM) <Jamie.deBoer@usdoj.gov>
**Date:** Tuesday, September 6, 2022 at 4:58 PM
**To:** Don Samuel <dfs@gsllaw.com>
**Subject:** RE: [EXTERNAL] Advice of Counsel issues

Thank you.  Should I call you at 8:30 tomorrow?

---

**From:** Don Samuel <dfs@gsllaw.com>
**Sent:** Tuesday, September 6, 2022 2:02 PM
**To:** De Boer, Jamie (CRM) <Jamie.deBoer@usdoj.gov>
**Subject:** Re: [EXTERNAL] Advice of Counsel issues

Sorry for my unavailability.  Just to be clear, you will, in fact, have everything we shortly.  I am  checking to see if we hace any documents (memos, emails, etc) that could possibly be used at trial.  I will *not* be reviewing all these documents and picking out what is best-suited to our advice of counsel defense.  But you will have the universe of documents from which the exhibits will be drawn.

Don Samuel

---

**From:** De Boer, Jamie (CRM) <Jamie.deBoer@usdoj.gov>
**Date:** Tuesday, September 6, 2022 at 9:15 AM
**To:** Don Samuel <dfs@gsllaw.com>
**Cc:** steve sadow <steve8300@me.com>, Brian Rafferty <brafferty@bakerlaw.com>, Cuyler Jr., Reginald (CRM) <Reginald.Cuyler.Jr@usdoj.gov>, Rookard, Katherine (CRM) <Katherine.Rookard@usdoj.gov>
**Subject:** RE: [EXTERNAL] Advice of Counsel issues

Thanks.  I am available before 2pm Eastern.

Jamie

---

**From:** Don Samuel <dfs@gsllaw.com>
**Sent:** Tuesday, September 6, 2022 8:05 AM
**To:** De Boer, Jamie (CRM) <Jamie.deBoer@usdoj.gov>
**Cc:** steve sadow <steve8300@me.com>; Brian Rafferty <brafferty@bakerlaw.com>; Cuyler Jr., Reginald (CRM) <Reginald.Cuyler.Jr@usdoj.gov>; Rookard, Katherine (CRM) <Katherine.Rookard@usdoj.gov>
**Subject:** Re: [EXTERNAL] Advice of Counsel issues

I am in court this morning.   Will call you at Lunch, or whenever convenient for you this afternoon.

Don Samuel
Garland, Samuel & Loeb
dfs@gsllaw.com

On Sep 2, 2022, at 6:05 PM, De Boer, Jamie (CRM) <Jamie.deBoer@usdoj.gov> wrote:

Don,

Thanks, but it doesn't sound like you have discussed all of the specific requests we made. Please let us know by noon on Tuesday your position on the following, which I have pasted from the other email chain. To be clear, this doesn't ask about exhibits — this asks about discovery that you are obligated to produce. Please confirm if you are going to do the below or not so we can get this issue in front of the court if need be.

With respect to our proposed motion to compel discovery regarding the advice of counsel defense, you are going to confer with your team regarding whether Mr. Patel will agree to complete the following by September 23:  (a) identify specific Bates ranges of material produced by the Government to Mr. Patel that pertains to the advice of counsel (to relieve you of the burden of re-producing all of that material to the Government); and (b) produce any additional materials in Mr. Patel's possession, custody, or control that pertain to the advice of counsel.  As to (b), you expressed that your current belief is that the Government already has all such discovery, but I confirmed for you that it is the Government's position that the defense is obligated to search for and produce anything else pertaining to this defense that is in Mr. Patel's possession, custody, or control.

On Sep 2, 2022, at 5:44 PM, Don Samuel <dfs@gsllaw.com> wrote:

The defense team has discussed among ourselves the issues relating to the advice of counsel defense.  First, as we discussed previously, we have told the filter team that we waived the privilege in our discussions and dealings with the filter team last year.  The waiver

applied to thousands of documents. If any documents were not subject to the waiver, I will check and will add those to the list, but I believe you have virtually everything we have with a few exceptions that are unrelated to the issues in this case, but we will confirm that ASAP.

We have previously furnished to you Minal Patel's waiver which he was authorized to provide and which your predecessors agreed was in the appropriate form. Minal did have, and does now have, the authority to waive the attorney-client privilege.

We do not agree that we are required to provide to you specific documents that we will introduce in support of the advice of counsel defense. We will mark exhibits and share them with you when you do likewise with your exhibits. As far as we can tell from the court's order, that will be in mid-November.

If you have any questions, feel free to call me.

Don Samuel