# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20178-CR-ALTONAGA/Goodman

**UNITED STATES OF AMERICA**,

    Plaintiff,
v.

**ROBERT SHAPIRO**,

    Defendant.

_____/

## **ORDER**

**THIS CAUSE** came before the Court on the Government's Motion to Compel Disclosure of, and Discovery Regarding, Any Advice of Counsel Defense by July 8, 2019 [ECF No. 88], filed June 27, 2019. The Court has carefully reviewed the Motion, Defendant's Response in Opposition . . . [ECF No. 100], the Government's Reply [ECF No. 106], and applicable law. The relief the Government seeks is evident from the title of the Motion; the Court proceeds directly to addressing the reasons why the Motion is granted.

In his Response, Defendant argues: (1) the Court should deny as improper and premature the Government's effort to exclude rebuttal evidence and defenses (*see* Resp. 2–3); (2) it is premature to determine now whether an advice-of-counsel instruction should be given at the conclusion of his trial (*see id.* 3–4); (3) the Government's Motion is a fishing expedition "seeking to obtain confidential documents and information that would reveal trial strategies, rebuttal arguments and other defense camp work product" (*id.* 4); and (4) the Government already possesses a substantial amount of the information and documents relating to his advice-of-counsel defense, and "it is disingenuous for the government to claim that it is unable to prepare for trial

absent the relief it seeks" (*id.* 6).  Defendant's arguments all miss the point being made in the Motion.

A defendant who asserts an advice-of-counsel defense waives the attorney-client privilege "with respect to communications with counsel concerning" the subject matter of that advice. *United States v. Jensen*, 573 F. App'x 863, 870 (11th Cir. 2014) (citations omitted); *Immuno Vital, Inc. v. Telemundo Grp., Inc.*, 203 F.R.D. 561, 564 (S.D. Fla. 2001).  As noted by the Government, if Defendant does not provide notice and discovery of his communications with attorneys which form the basis of his anticipated advice-of-counsel defense, the Government will be forced, in the middle of trial, to request the Court halt the trial in order for the Government to review a large quantity of new information, thereby disrupting the speedy trial Defendant has insisted upon.  (*See* Reply 1–2).  The Court does not sanction a trial process that anticipates and rushes headlong into such delay and inefficiency.  Furthermore, allowing Defendant to raise an advice-of-counsel defense in the absence of a proper factual predicate also risks juror confusion and a waste of time and resources, regardless of whether the jury instruction on the advice-of-counsel defense is ultimately given.  (*See id.* 2).

The Court adopts the sound reasoning of the district court in *United States v. Crowder*, 325 F. Supp. 3d 131 (D.D.C. 2018), in granting a similar pre-trial motion seeking notice and disclosure of the defendant's advice-of-counsel defense:

> The Court finds the rationale for requiring such pretrial notice and disclosure persuasive.  Defendants' decision on whether to assert the advice-of-counsel defense may impact the scope of discovery otherwise permitted or ordered, and thus risks unnecessary interruption and delay if asserted at trial.  Moreover, because an advice-of-counsel defense is complex it may raise issues requiring additional briefing before trial.

CASE NO. 19-20178-CR-ALTONAGA/Goodman

*Id.* at 138 (alterations, quotation marks, and internal citations omitted). *See also id.* (noting that "[a]lthough the Federal Rules of Criminal Procedure do not specifically require defendants to provide pretrial notice of an advice-of-counsel defense, courts have broad discretion to impose disclosure and notice requirements outside the [R]ules" (alterations added; citations omitted)); *Memory Bowl v. N. Pointe Ins. Co.*, 280 F.R.D. 181, 186 (D.N.J. 2012) (requiring the defendant "to advise whether or not it intends to rely on an 'advice-of-counsel' defense" prior to trial in order to avoid "unnecessary delay or expense").

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Government's Motion to Compel Disclosure of, and Discovery Regarding, Any Advice of Counsel Defense by July 8, 2019 **[ECF No. 88]** is **GRANTED in part** and **DENIED in part**. The Court will not require Defendant to give "a proffer of the substance of the legal advice on which he relied" (Reply 2), as requested by the Government. Nevertheless, if Defendant intends to rely on an advice-of-counsel defense at trial, he shall, by **July 22, 2019**: (1) identify the attorneys who purportedly provided such advice; and (2) waive privilege over, and produce to the Government, all communications he had with those attorneys. If Defendant fails to comply, he will be barred from raising the defense before the jury.

**DONE AND ORDERED** in Miami, Florida, this 8th day of July, 2019.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

3