# EXHIBIT F

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### CASE NO. 18-20710-CR-ALTONAGA/GOODMAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SENTHIL RAMAMURTHY, et al.,

    Defendants.

_____/

### OMNIBUS ORDER ON GOVERNMENT'S MOTIONS TO COMPEL

United States District Judge Cecilia M. Altonaga referred [ECF No. 232] to the Undersigned the United States' Motion to Compel Disclosure Of, and Discovery Regarding, Any Advice of Counsel Defense [ECF No. 230] and its Motion to Compel Defense Discovery Or, In The Alternative, to Exclude Evidence [ECF No. 231]. The Undersigned then issued a briefing scheduling Order for these two motions, permitting the defendants to submit an omnibus response to both motions in a single memorandum and permitting them to join in on responses (upon the timely filing of a notice of joinder). [ECF No. 233].

Counsel for Defendant John Scholtes submitted a consolidated response from "Defendants." [ECF No. 239]. This opposition memorandum lists four defendants --

Anthony Mauzy, Thomas Sahs, Rajesh Mahbubani and John Scholtes -- in the title of the opposition memorandum. Among other arguments, the opposition memorandum contends that the Court already ruled on the substance of the discovery motions when it directed Defendants, at a June 6, 2019 Status Conference, to submit their trial lists and exhibits by December 13, 2019. But the opposition memorandum's conclusion states only that "**Defendant Scholtes** will provide exhibit and witness lists and related discovery to the government no later than December 13, 2019 – more than five weeks before trial." [ECF No. 239, p. 5 (emphasis added)].

Although this opposition memorandum does not make any representations about the intended discovery production plans of the *other* three defendants, the Undersigned is construing the memorandum, which was ostensibly filed on behalf of four defendants, to implicitly acknowledge a similar intent and commitment by the other three defendants.

In any event, the United States filed a reply [ECF No. 252] and the motions are now ripe for a ruling.

At bottom, the United States contends that some or all of the Defendants will, at trial, offer broad arguments and evidence that attorneys "were involved" in their alleged unlawful conduct. More specifically, the United States' reply memorandum represents that "now there is absolutely no doubt that some or all of the remaining

2

defendants will try to present some kind of advice of counsel defense." [ECF No. 252, p. 1]. In addition, the United States advises that counsel for Scholtes "made similar insinuations" about an intent to rely on the advice of counsel defense and also advised the Court of "his intent to present a lengthy defense case." *Id.*

Defendants do not, in their opposition memorandum, deny an intent to rely upon an advice of counsel defense. Instead, they argue that early disclosure of discovery concerning the defense is premature and unfairly prejudicial. Concerning the reciprocal discovery demand, the opposition memorandum notes that the United States received almost 85,000 pages of discovery from Defendants before the filing of the superseding indictment, including "numerous communications with attorneys." [ECF No. 239, p. 2].

Courts have broad discretion to impose disclosure and notice requirements outside of the specific requirements of the Federal Rules of Criminal Procedure. *United States v. Crowder*, 325 F. Supp. 3d 131, 138 (D.D.C. 2018); *cf. Memory Bowl v. N. Pointe Ins. Co.*, 280 F.R.D. 81, 186 (D.N.J. 2012) (requiring defendant to advise on his intent to rely on an advice of counsel defense before trial in order to avoid unnecessary delay or expense).

Indeed, this very Court (i.e., Judge Altonaga) recently entered an order granting in part a similar government motion and requiring the Defendant to make certain

3

disclosures about the defense. In that case, Judge Altonaga's Order provided a consequence for non-compliance: "If Defendant fails to comply, he will be barred from raising the defense before the jury." *United States v. Shapiro*, U.S. District Court for the Southern District of Florida, Case No. 19-CR-20178, ECF No. 108, p. 3, July 8, 2019.

Judge Altonaga's July 8, 2019 Order in *Shapiro* imposed two requirements on the defendant and established a deadline of almost a month before the trial (which was at that time scheduled for August 5, 2019).

The Undersigned acknowledges and understands the Defendants' concerns about premature discovery and tipping their strategic hand. On the other hand, the trial would be unduly delayed if Defendants did not make substantively significant disclosures about their advice of counsel defenses until after the United States rested in its case in chief.

Therefore, in an effort to provide a balanced approach, the Undersigned **grants** the United States' motion, **in part**, and will require Defendants to make the following disclosures by January 6, 2020, slightly more than two weeks before the scheduled trial start date of January 22, 2020 [ECF No. 174]:

4

(1) identify to the Government any attorneys who were purportedly consulted and provided advice of any nature related to the subject of the good faith advice of counsel defense; and

(2) waive privilege over, and produce to the Government, all communications[1] they had with those attorneys related to the same subject.

In addition, similar to this Court's ruling in *Shapiro*, any defendant who does not timely comply with these disclosure requirements will be barred from raising the advice of counsel defense or mentioning evidence concerning this defense before the jury. Therefore, to provide a specific in-trial illustration, a defense attorney would not be permitted to cross-examine a witness with the following question unless the required disclosures were made: "You're aware that my client spoke to his lawyer about these very activities and obtained legal advice, aren't you?"

---

[1] Each defendant who wishes to use advice of counsel evidence or argument will need to timely produce **all** written communications with the attorneys on the subject at issue, including those communications which, in whole or in part, raise the prospect that the conduct is or might be unlawful. *See Immuno Vital v. Telemundo*, 203 F.R.D. 561, 564 (S.D. Fla. 2001) ("[C]ourts have been careful not to allow parties to introduce evidence of attorney-client communications favorable to the advice of counsel defense, while asserting the privilege with respect to communications that may be unfavorable to the defense."). Judge Altonaga cited to *Immuno Vital* in *Shapiro* for the proposition that "[a] defendant who asserts an advice-of-counsel defense waives the attorney-client privilege with respect to communications with counsel concerning the subject matter of that advice." *United States v. Shapiro*, U.S. District Court for the Southern District of Florida, Case No. 19-CR-20178, ECF No. 108, p. 2, July 8, 2019 (internal citation omitted).

5

Concerning the reciprocal discovery issue, Defendants shall provide the reciprocal discovery by December 13, 2019.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on November 27, 2019.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Cecilia M. Altonaga
All counsel of record