UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80181-CR-RAR

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

MINAL PATEL,

        Defendant.

_____/

## ORDER

In light of the parties' recent filings, the Court enters this Order to clarify the current status of the litigation and to guide the parties' conduct going forward.

Mr. Patel filed a Motion for New Trial that sought to rely, in part, on evidence derived from an attorney disciplinary hearing involving Robin Sztyndor. ECF Nos. 679 (sealed), 682, 684. Before deciding whether Mr. Patel could use this evidence, I ordered that Ms. Sztyndor be given notice and an opportunity to be heard. ECF No. 686.  After receiving notice, Ms. Sztyndor filed a *pro se* motion to intervene. ECF No. 692 (sealed), 700-1, 700-2. That motion addressed issues beyond the question of whether Mr. Patel could rely on the disciplinary hearing evidence.

One of the additional issues raised in Ms. Sztyndor's motion related to mock trials conducted by Mr. Patel's defense team. These materials were appended as

exhibits to Ms. Sztyndor's motion but were filed under seal. The Government's filter team filed a pleading arguing that the exhibits relating to mock trials should be unsealed and/or that the filter team be authorized to share the unredacted exhibits with the trial team. ECF No. 694.

The Court granted Ms. Sztyndor leave to intervene for "the limited issue of whether Mr. Patel can use the disciplinary hearing transcript." ECF No. 700 at 3. The Court then found that Mr. Patel was using the disciplinary hearing evidence without proper authorization, struck his Motion for New Trial, and gave him leave to file a corrected motion that "did not cite or append the disciplinary hearing transcripts." *Id*. at 5. The Court did not address the mock trial materials because they were irrelevant to whether Mr. Patel could use the disciplinary hearing evidence.

After the Court ruled on Ms. Sztyndor's Motion to Intervene and struck Mr. Patel's Motion for New Trial, Mr. Patel filed a Sur-Response to the Government's filter team inquiry. ECF No. 705. That filing dealt primarily with the mock trial evidence issue. Mr. Patel also filed a Notice with attached sworn statements addressing factual assertions in Ms. Sztyndor's Motion to Intervene. ECF No. 706.

To avoid further confusion or further unnecessary filings, the parties are instructed:

1. The Court will not be addressing any aspect of Ms. Sztyndor's Motion to Intervene other than what it has already addressed — Mr. Patel cannot use the disciplinary hearing transcript. Ms. Sztyndor was denied intervention

to raise any other issues, so Mr. Patel should not file pleadings responding to anything else raised in Ms. Sztyndor's filings.

2. The Court will not be responding to the Government's filter team request because it is not clear that the mock trial materials are relevant to any issue pending before the Court. Ms. Sztyndor was not permitted to intervene for any purpose relating to the mock trial evidence, and Mr. Patel's Motion for New Trial was stricken. Should the mock trial evidence become relevant in the future, the parties will be heard at the appropriate time.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 15th day of July, 2026.

_____

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

3